Bigelow, J.
The first objection taken to the acceptance of the verdict in this case, that there was no such determination by the mayor and aldermen of the city upon the question of damages, under Rev. Sts. c. 25, § 6, as to authorize the county commissioners to issue a warrant for a jury, cannot avail the respondents, because the objection was not seasonably taken. Such a determination is the basis of all subsequent proceedings, and without it the county commissioners had no authority to act in the premises. If, therefore, the respondents intended to avail themselves of such an objection, it was their duty to have taken it at the outset. They cannot be permitted to come in and submit in silence to the jurisdiction of the commissioners, and after having taken their chance of a favorable verdict, defeat the proceedings by objections, which must have been within their knowledge during the preliminary proceedings. We think, therefore, that the respondents have waived all right of exception on this ground. Fitchburg Railroad v. Boston & Maine Railroad, 3 Cush. 58, 77; Field v. Verm. & Mass. Railroad, 4 Cush. 150; Meacham v. Fitchburg Railroad, 4 Cush. 291, 296. Besides, it may well be taken for granted in ulterior proceedings in cases of this kind, when the contrary is not shown by the record, that it Was *72 made to appear satisfactorily to the commissioners, that such determination by the mayor and aldermen had taken place. There is nothing in the present case from which we can infer that all the proceedings on the subject by the mayor and aldermen are spread out on the record: and, therefore, the maxim omnia rite acta presumuntur is applicable.
The objection to the verdict, on the ground of bias or prejudice on the part of one of the jurors, empanelled to try the cause, is of graver importance. Upon the facts stated in the officer’s return, we are bound to presume that the juror, if the inquiries had been put to him by the sheriff as requested by the respondents, would have answered them in the affirmative. The ruling of the sheriff was, that if so answered, he should not consider the juror as disqualified. This was equivalent to a decision by the sheriff, that the objection to the juror embodied in the questions proposed by the respondents was untenable; because he refused to put the inquiries on that ground alone. It was not, therefore, the mere exercise of a discretion on the part of the sheriff in refusing to put the questions, to which, perhaps, no exception could have been taken. Commonwealth v. Gee, 6 Cush. 174. But it was an opinion upon a question of law, which is subject to revision here. Taken in this light, then, the case stands thus: Is a person having a claim against the respondents, similar in its character to that of the petitioner, upon which the jury is to pass, and who feels himself aggrieved and injured by the acts and conduct of the respondents respecting it, a fit and impartial juror to try a like question pending against the city.
The well settled principles of the common law, and the express provision contained in the declaration of rights, Art. 29, alike require that jurors in all cases should be as free, impartial, and independent as the lot of humanity will permit. It is not, therefore, a pecuniary interest only or chiefly, that disqualifies a juror; but any thing, which may operate to create a prejudice or bias in the mind, either against a party or his cause, is deemed an adequate cause of challenge. Nor is the degree of influence,which may be supposed to exist, at all material. It is sufficient if it exist at all, because any *73 amount, however slight, may be the source of an improper bias. The law cannot undertake to measure the extent to which the mind may be swayed in each particular case. That which would influence materially the judgment of one, may have but little or no effect on the mind of another. Therefore it is, that the fact that there exists a cause of bias, such as • kindred, prejudice, interest in the question, though not in the event of the suit, are held sufficient to disqualify a juror, without any inquiry as to its effect on his impartiality. The pro-, visions contained in Rev. Sts. c. 95, §§ 27 — 31, show how carefully the legislature has guarded the jury box against all such improper and disturbing influences. See Hesketh v. Braddock, 3 Bur. 1856; Commonwealth v. Worcester, 3 Pick. 462; Davis v. Allen, 11 Pick. 466.
Upon these familiar and well settled principles, it seems to us that a juror, having a claim against the respondents similar in its character to that of the petitioner, and who felt himself injured and aggrieved by the conduct of the respondents in relation to it, was not so entirely free from all prejudice and bias, as to “ stand indifferent as he stood unsworn.” On this ground we think that the verdict must be set aside.